**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Scott N. Rogers

    v.                                  Civil No. 18-cv-740-SM

State of New Hampshire

## REPORT AND RECOMMENDATION

Before the court is Scott N. Rogers's petition for writ of habeas corpus (Doc. No. 1), filed pursuant to 28 U.S.C. § 2254, and Rogers's motion for a new trial (Doc. No. 3), which clarifies the nature of his claims and the relief Rogers seeks in this case. The matter is here for preliminary review to determine whether the claims raised are facially valid and may proceed. See Rule 4 of the Rules Governing Section 2254 cases ("§ 2254 Rules"); LR 4.3(d)(4)(A).

## § 2254 Rule 4 Standard

Pursuant to § 2254 Rule 4, a judge is required to promptly examine any petition for habeas relief, and if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Id. "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland v. Scott, 512 U.S. 849, 856 (1994). The court construes Rogers's pleadings

liberally, in light of his pro se status.  See Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008).

## Background

Rogers was convicted of burglary, theft by unauthorized taking, and receiving stolen property, for his involvement in the theft of new televisions from a hotel under construction. See State v. Rogers, No. 2010-0515, 2013 WL 11998270 (N.H. June 11, 2013).  Rogers fully litigated a § 2254 petition previously in the District of New Hampshire challenging the same state convictions and sentences at issue in the instant petition.  See Rogers v. Gerry, No. 13-cv-322-LM (D.N.H.), 2014 U.S. Dist. LEXIS 167941, at *1, 2014 WL 6883086, at *1 (D.N.H. Dec. 4, 2014), approving R&R, 2014 U.S. Dist. LEXIS 167939, at *10, 2014 WL 6883086, at *4 (D.N.H. Nov. 4, 2014).

The instant petition is subject to the restriction on "second or successive" habeas petitions.  Such petition cannot be litigated in district court without the permission of the federal court of appeals.  See 28 U.S.C. § 2244(b)(2); Magwood v. Patterson, 561 U.S. 320, 330-31 (2010) ("If an application is 'second or successive,' the petitioner must obtain leave from the court of appeals before filing it with the district court." (citing 28 U.S.C. § 2244(b)(3)(A)).  A habeas petition filed in the district court without the appellate court's permission is subject to dismissal.  See Magwood, 561 U.S. at 331.

Rogers has not obtained the First Circuit's permission to file this successive petition.  Therefore, this court lacks jurisdiction to consider it.  Accordingly, the district judge should dismiss this petition, for lack of jurisdiction, pursuant to 28 U.S.C. § 2244(b)(3)(A).  Rogers is free to apply in the First Circuit for permission to file a similar § 2254 petition in this court, pursuant to 28 U.S.C. § 2244(b)(3)(A) and First Circuit Local Rule 22.1.

## II. <u>Relief Not Cognizable in a Federal Habeas Action</u>

Rogers seeks relief in the instant § 2254 petition that is generally not available in § 2254 actions, including a claim for damages to compensate Rogers for time spent in state prison. This court expresses no opinion regarding whether such claims could proceed in a separate action filed under 42 U.S.C. § 1983.

## III. <u>Certificate of Appealability</u>

The Rules Governing Section 2254 Proceedings ("§ 2254 Rules") require the court to "issue or deny a certificate of appealability ["COA"] when it enters a final order adverse to the party."  § 2254 Rule 11(a).  Here, the grounds for dismissal are purely procedural, and not substantive.

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim

of the denial of a constitutional right and that jurists of
reason would find it debatable whether the district court
was correct in its procedural ruling.

<u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).  Reasonable jurists

would not find it debatable that the instant petition is an

unauthorized "successive" petition that is subject to dismissal.

Accordingly, the district judge should decline to issue a

certificate of appealability in this case.

### Conclusion

For the foregoing reasons, the district judge should

dismiss the petition (Doc. No. 1) for lack of subject matter

jurisdiction, deny the motion for new trial as moot (Doc. No.

3), and decline to issue a certificate of appealability.  Any

objections to this Report and Recommendation must be filed

within fourteen days of receipt of this notice.  <u>See</u> Fed. R.

Civ. P. 72(b)(2).  The fourteen day period may be extended upon

motion.  Failure to file objections within the specified time

waives the right to appeal the district court's order.  <u>See</u>

<u>Santos-Santos v. Torres-Centeno</u>, 842 F.3d 163, 168 (1st Cir.

2016).

_Andrea K. Johnstone_
Andrea K. Johnstone
United States Magistrate Judge

September 10, 2018

cc:  Scott N. Rogers, pro se